IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE SMALLS,  :  <br>   Plaintiff,  : <br>  : <br> v.  :     CIVIL ACTION NO. 21-CV-0891 <br>  : <br> C/O F. WILLIAMS,  : <br>   Defendant.  : | |

MEMORANDUM

**JONES, II, J.**                                                                                        **APRIL  7, 2021**

Plaintiff Andre Smalls, a prisoner currently incarcerated at the Bucks County Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Smalls seeks leave to proceed i*n forma pauperis*.  For the following reasons, Smalls will be granted leave to proceed *in forma pauperis*, and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Smalls will, however, be given an opportunity to file an amended complaint with respect to his First and Eighth Amendment claims.

**I.      FACTUAL ALLEGATIONS**

Smalls has named Corrections Officer F. Williams as the only Defendant in this civil rights action.  (ECF No. 2 at 1-3.)[1]  Briefly stated, Smalls asserts that his First, Fourth, Eighth, and Fourteenth Amendment rights were violated by Williams during the period of October 19, 2020 through December 23, 2020.  (*Id.* at 1, 4.)  Specifically, Smalls avers that on October 19, 2020, Williams "illegally search[ed]" his cell, read his letters, and "stole [his] legal mail."  (*Id.* at 1, 5-6.)  Smalls further asserts that Williams sexually abused him by watching him while he was naked in the shower, and while he was masturbating and using the "rest room" in his cell.  (*Id.* at

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1, 5.) Smalls also avers that Williams harassed him and "slander[ed] his name" by falsely stating that Smalls was locked up "for raping [his] niece." (*Id.* at 1, 5-6.) Smalls contends that these actions were done "in a malicious manner with bad intentions." (*Id.* at 1.)

Smalls avers that he has sustained emotional distress and has developed post-traumatic stress disorder because of the alleged conduct of Williams. (*Id.* at 1, 6.) He seeks punitive damages from the Court in an unspecified amount. (*Id.* at 1, 6.)

## II. STANDARD OF REVIEW

The Court will grant Smalls leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. (*Id.*) As Smalls is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[2] However, as Smalls is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Complaint does not state a plausible basis for a claim as pled. However, Smalls will be given leave to file an amended complaint so he can provide more information about the basis for his claims.

### A. Fourth Amendment Claim

Smalls avers that on October 19, 2020, Williams "illegally search[ed]" his cell. (ECF No. 2 at 1.) "[P]risoners have no legitimate expectation of privacy and . . . the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The Supreme Court has concluded that the Fourth Amendment right to privacy, to be free from unreasonable searches, is fundamentally inconsistent with incarceration."); *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (the Fourth Amendment right to be free from unreasonable searches and seizures does not apply to an inmate's prison cell or personal property, including legal papers); *Molina v. Wenerowicz*, Civ. A. No. 12-5824, 2016 WL 6876319, at *4 (E.D. Pa. Nov. 22, 2016); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (explaining that the Fourth Amendment "does not protect an inmate from the seizure and destruction of his property"). Accordingly, any claims based on an alleged "illegal search" of Smalls's cell are dismissed with prejudice under § 1915(e)(2)(B)(ii).

### B. Fourteenth Amendment Claim

Smalls also asserts a Fourteenth Amendment violation, which this Court interprets as Smalls's attempt to bring a claim for deprivation of property without due process of law. (ECF No. 2 at 1.) This claim is not plausible. A prisoner in Pennsylvania cannot state a constitutional claim based on the loss of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir.

2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *see also Booth v. King*, 346 F. Supp. 2d 751, 759-760 (E.D. Pa. 2004) (citing *Hudson*, 468 U.S. at 531) (finding no violation of the Fourteenth Amendment for deprivation of property without due process if there exist adequate post-deprivation remedies, which includes a grievance procedure).

Smalls alleges his "legal mail" was stolen by Williams. (ECF No. 2 at 1, 5-6.) Smalls, however, has not provided any further description of the mail, nor has he alleged how he was harmed by any deprivation. Moreover, given that Smalls had access to grievance proceedings, and there exist state tort and common law remedies available to him, his claim under the Fourteenth Amendment for deprivation of property without due process fails. *See Shakur*, 421 F. App'x at 135; *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy.") Accordingly, Smalls's claim of deprivation of property without due process does not give rise to a claim for relief and will be dismissed with prejudice. *See Booth*, 346 F. Supp. 2d at 759-760.

**C.  First Amendment Claim**

Smalls avers that on October 19, 2020, Williams read his letters and "stole [his] legal mail." (*Id.* at 1, 5-6.) "[P]risoners, by virtue of their incarceration, do not forego their First Amendment right to the use of the mails." *Nixon v. Sec'y Pennsylvania Dep't of Corr.*, 501 F.

4

App'x 176, 177 (3d Cir. 2012) (quoting *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006)). An inmate's right to send and receive mail can, however, be restricted for legitimate penological purposes. *Id.*; *see also Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987). Regardless, the Third Circuit has held that the opening and reading of a prisoner's legal mail outside of his presence violates a prisoner's rights to free speech and legal access under the First Amendment. *See Jones*, 461 F.3d at 359; *see also Bieregu v. Reno*, 59 F.3d 1445 (3d Cir. 1995), *abrogated in part by Lewis v. Casey*, 518 U.S. 343 (1996); *Oliver v. Fauver*, 118 F.3d 175, 178 (3d Cir. 1997) (holding that for any violation of the right of access, actual injury must be shown, thereby recognizing that *Casey* had abrogated *Bieregu* to the extent that *Bieregu* held that a right of access claim did not require actual injury where interference with legal mail was pled). Courts have likewise recognized that the reading of a prisoner's legal mail without cause can violate a prisoner's free speech rights. *See*, *e.g.*, *Jordan v. New Jersey Dep't of Corr.*, 881 F. Supp. 947, 953 (D.N.J. 1995); *see also Wolff v. McDonnell*, 418 US. 539, 576-77 (1974), *Bieregu*, 59 F.3d at 1451-52; *Thompson v. Hayman*, Civ. A. No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011) (opening outside of the prisoner's presence, reading, delaying, or stealing a prisoner's legal mail violates a prisoner's First Amendment rights).

To state a First Amendment claim for interference with a prisoner's legal mail, a plaintiff must allege that the interference was done according to a "pattern and practice." *Jones*, 461 F.3d at 359 (a "pattern and practice . . . of opening legal mail outside the presence of the addressee inmate . . . impinges upon the inmate's right to freedom of speech"). A prisoner may allege that actions were taken pursuant to a pattern or practice without the existence of a "blanket policy." *See, e.g. id.* (distinguishing between "a pattern and practice" and an "explicit policy"). Prisoners need not allege or prove any "actual injury" beyond direct injury to their First Amendment right

to use the mails. *Taylor v. Oney*, 196 F. App'x. 126, 128 (3d Cir. 2006). Courts, however, have found that mere isolated incidents of interference without evidence of an improper motive, are insufficient to establish a First Amendment violation. *See, e.g. Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a first Amendment violation."); *Beese v. Liebe*, 51 F. App'x. 979, 981 (7th Cir. 2002) (dismissing First Amendment Claim based on allegations that four pieces of legal mail had been opened outside of inmate's presence, since the inmate presented no evidence that his legal mail had been intentionally opened, and where the inmate merely speculated that the prison official intended to do so); *Gardner v. Howard*, 109 F.3d 427, 420-31 (8th Cir. 1997).

While Smalls alleges that Williams read his letters and "stole [his] legal mail" during the search of his cell on October 19, 2020, he makes no allegation that the alleged interference was intentional or part of a pattern and practice. Without at least a modicum of factual specificity on these points, the Court must conclude that Smalls has failed to state a plausible claim of interference with legal mail under the First Amendment. *See Sarboukh v. Glading*, Civ. A. No. 15-6499, 2015 WL 5255556, at *4 (D.N.J. Sept. 8, 2015) (stating that the inmate must allege a "pattern and practice of mail theft" to state a claim for violation of his First Amendment communication rights). The Court cannot, however, state that Smalls can never successfully state a plausible First Amendment claim. Accordingly, this claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Smalls will be granted leave to file an amended complaint if can cure the defects in this claim identified by the Court.

**D. Eighth Amendment Claim**

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Sexual abuse of inmates or detainees may violate the Eighth and Fourteenth Amendments, respectively. *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) ("[P]rison sexual abuse can violate the Constitution"). As it appears from the Complaint that Smalls is a probation violator who is a previously convicted prisoner (ECF No. 2 at 5), his conditions of confinement claim is properly analyzed under the Eighth Amendment.

In the Eighth Amendment context, a plaintiff must satisfy both an objective and subjective prong akin to excessive force claims. *Ricks*, 891 F.3d at 475. In that regard, the conduct in question must be "objectively, sufficiently intolerable and cruel, capable of causing harm and the official must have a culpable state of mind." *Id.* "Regarding the subjective prong, [the Court] consider[s] whether the official had a legitimate penological purpose or if he or she acted maliciously and sadistically for the very purpose of causing harm." *Id.* (internal quotations omitted).

An Eighth Amendment claim for sexual abuse or harassment requires a showing of physical contact with the alleged perpetrator. *See Williams v. Wetzel*, 776 F. App'x 49, 53 (3d Cir. 2019) (affirming dismissal of Eight Amendment sexual conduct claim because the allegations did not involve any sexual contact between the prisoner and the corrections officer); *Armstrong v. Diraimo*, Civ. A. No. 17-237, 2018 WL 6788524, at *4 (W.D. Pa. Dec. 26, 2018), *aff'd*, 781 F. App'x 61 (3d Cir. 2019); *McCain v. Wetzel*, Civ. A. No. 17-194, 2018 WL 1211507, at *3 (W.D. Pa. Mar. 8, 2018) ("sexual harassment in the absence of contact or

touching does not establish an Eighth Amendment violation"); *Washington v. Gilmore*, Civ. A. No. 15-1031, 2017 WL 4155371, at *8 (W.D. Pa. Aug. 31, 2017) (dismissing Eighth Amendment sexual assault claim where plaintiff did not allege any "direct physical contact" with the alleged perpetrators). "Verbal harassment, including lewd comments, sexual propositioning, and the like, is not sufficient to satisfy the objective element of an Eighth Amendment sexual harassment claim." *McCain*, 2018 WL 1211507, at *3 (citing *Manon v. Garrison*, 2012 WL 3542328 (M.D. Pa. Aug. 15, 2012)). Rather, "physical sexual assault or threats of physical assault is required for the objective element to be met." *Id.*

Smalls's Complaint fails to state a claim for sexual abuse because it does not allege any direct physical contact with Williams or that Williams's conduct was even sexual in nature. Smalls does not allege that Williams touched him in any way, but only states that Williams watched while he was showering, and while he was masturbating and using the "rest room" in his cell. (ECF No. 2 at 1, 5.) Without more, these facts are insufficient to meet the objective prong of an Eighth Amendment sexual abuse claim. *Accord Ricks*, 891 F.3d at 477 (noting that "objectively serious sexual contact would include sexualized fondling, coerced sexual activity, combinations of ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid discipline"); *Holland v. City of New York*, 197 F. Supp. 3d 529, 547 (S.D.N.Y. 2016); *see also Boxer X v. Harris*, 437 F.3d 11107, 1111 (11th Cir. 2006) (finding that solicitation of a prisoner's masturbation, even under the threat of retaliation does not violate the Eighth Amendment); *Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (affirming dismissal of Eighth Amendment claim where female prison employee asked the plaintiff "to have sex with her and to masturbate in front of her and other female staffers"), *overruled on other grounds in Porter v. Nussle*, 534 U.S. 516 (2002).

With respect to his verbal abuse claim, Smalls avers that Williams harassed him and "slander[ed] his name" by falsely asserting that he was locked up "for raping [his] niece." (ECF No. 2 at 1, 5-6.) To the extent Smalls intended to bring a separate claim based on Williams having spoken to him in an allegedly threatening or disrespectful manner, that claim fails because verbal harassment, although distasteful, does not amount to a constitutional violation. *See Ledcke v. Pennsylvania Dep't of Corr.*, 655 F. App'x 886, 888-89 (3d Cir. 2016) (per curiam) (detainee's "claims of verbal harassment fail[ed] as a matter of law"); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"); *Higgs v. Suey*, Civ. A. No. 07-5158, 2008 WL 699594, at *5 (D.N.J. Mar. 12, 2008) ("Allegations that prison personnel have used threatening language and gestures also are not cognizable claims under § 1983"). Accordingly, dismissal of Smalls's Eighth Amendment claims is warranted, albeit with leave to amend to the extent that Smalls can allege circumstances sufficient to trigger liability.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Smalls leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Small's claims pursuant to the Fourth and Fourteenth Amendments will be dismissed with prejudice. His First and Eighth Amendment claims will be dismissed without prejudice because they are not plausible as alleged. However, the Court will give Smalls an opportunity to file an amended complaint within thirty (30) days in the event that he can state a plausible First or

Eighth Amendment claim.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

*/s/* **C. Darnell Jones, II**
**C. Darnell Jones, II   J.**